Francis Jennings **THOMAS** et al.,
Appellants,

v.

Joe E. **MELLEN**, d/b/a Hertz
Rent-A-Car, Appellee.

Court of Appeals of Kentucky.

Feb. 19, 1965.

Thomas D. Shumate, Shumate, Shumate
& Flaherty, Richmond, for appellants.

George T. Ross, Steve Robbins, Richmond, Frank G. Gilliam, Lexington, for appellee.

CULLEN, Commissioner.

Francis Thomas and his wife were injured and their automobile was damaged in a collision with an automobile driven by

Horace Anderson. The latter automobile had been rented by Anderson's brother-in-law, William Caldwell, from Joe E. Mellen, who operated a rent-a-car agency. The Thomases and their collision insurer sued Anderson, Caldwell and Mellen. Recovery was had against Anderson and Caldwell but a verdict was directed for Mellen. The plaintiffs have appealed from the judgment releasing Mellen.

Mellen carried insurance which covered the renter of any of his automobiles, any member of the renter's immediate family, and any regular employe of the renter. Anderson did not fall in either of the latter two categories. (He was a gratuitous agent of Caldwell's, attempting to sell some fishing tackle for him.)

The appellants' argument seems to be that under the statutes regulating rent-a-car agencies Mellen was required to carry insurance covering anyone driving one of his rented cars with the permission of the renter; and that since Mellen did not carry such insurance he must himself be charged with the liability of an insurer.

We find it unnecessary to consider whether the effect of a failure by Mellen to carry required insurance could be to impose upon him the liability of an insurer, because as we interpret the applicable statutes they do not require the carrying of insurance the coverage of which extends to anyone driving with the permission of the renter.

KRS 281.655 requires rent-a-car agencies to carry insurance. It provides, in part:

"* * * All bonds or policies required herein must be issued in the name of the holder of the certificate or permit; provided, however, and except as otherwise provided herein, such bond or insurance policy in the case of a U-Drive-It * * * shall meet the requirements provided for in KRS 187.490. * * *"

The statute referred to, KRS 187.490, calls for an "owner's" policy of insurance which must "* * * insure the person named therein and any other person, as insured, using any such motor vehicle * * with the express or implied permission of such named insured * * *." KRS 187.290 defines "owner" as the person who holds the legal title to the motor vehicle, or who is in possession under a conditional sale or lease-purchase contract.

We think it is clear that the operator of the rent-a-car agency is the "owner" under these statutes, and that the insurance is required only to cover him and anyone driving the vehicle with his consent.

The rental contract in the instant case expressly restricted use of the automobile to its being driven by the renter, a member of his immediate family, or a regular employe of the renter. Anderson, not being in any of these categories, did not have express or implied permission of Mellen to drive the car, and therefore was not required to be insured.

The appellants maintain that Mellen had a duty to point out to Caldwell (the renter) the limitations in the rental contract as to who was to be permitted to drive the automobile, and the corresponding limitations on the insurance coverage. However, no valid basis for such a duty is suggested, and none occurs to us.

It is our opinion that neither under the statutes nor under any theory of the law of contracts could Mellen be held liable.

The appellants make a further argument, that the jury would have been entitled to find Mellen liable on a negligence theory, because there was evidence that the speedometer on the rented car was defective. It is sufficient to say that the evidence as to the circumstances of the accident would not warrant a finding that the defective speedometer (if it was defective) played any causative part in the accident.

The judgment is affirmed.